```
                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF VERMONT


Gordon Bock,                        :
        Plaintiff,                  :
                                    :
    v.                              :     File No. 1:05-CV-151
                                    :
Steven Gold, Janice Ryan,           :
Susan Blair, David Turner,          :
and Stuart Gladding,                :
        Defendants.                 :
_____:
```

## RULING ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 77)

Now pending before the Court are Magistrate Judge Niedermeier's Report and Recommendation of November 28, 2007 (Paper 77) and Plaintiff's Objections (Paper 78). Upon de novo review, the Court concludes there is no merit to the arguments raised in Plaintiff's objections to the dismissal of his claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc et. seq.

The language of RLUIPA allows for "appropriate relief against a government." 44 U.S.C. § 2000cc-2(a). The issue before the Magistrate Judge and before the Court is whether "appropriate relief" extends to claims for monetary damages. As Judge Niedermeier points out, the Second Circuit has not ruled on this issue and there is a difference of opinion in those circuits that have considered the question. The Report and Recommendation cites two examples of such differing views: in Madison v. Virginia, 474 F.3d 118, 133 (4th Cir. 2006), the court concluded

plaintiffs were barred from bringing damages claims against states under RLUIPA; and Smith v. Allen, 502 F.3d. 1255, 1275 (11th Cir. 2007), in which the court presumed that "appropriate relief" allowed for monetary damages against a defendant in his or her official capacity.

Because RLUIPA does not create an action for damages against state employees in either their official or individual capacities, Judge Niedermeier recommends granting Defendants' motion for summary judgment. (Paper 77 at 14). The Report and Recommendation relies on both Madison and a district court case, Daker v. Ferrero, 475 F. Supp. 2d 1325 (N.D. Ga. 2007), *vacated on other grounds*, 506 F. Supp. 2d 1295 (N.D. Ga. 2007).

Plaintiff claims the Magistrate Judge's reliance on Daker is misplaced for two reasons. As a district court decision from the Eleventh Circuit, Daker was later superseded by Smith v. Allen. Additionally, since Daker involves claims for monetary damages under RLUIPA against officials in their individual capacities, it cannot ". . . be the basis for finding that monetary damages are not available against the defendants in their official capacities." (Paper 78 at 7).

Plaintiff misconstrues Judge Niedermeier's reasoning. Judge Niedermeier did not rely on Daker in deciding whether RLUIPA allows for monetary damages against defendants in their official capacities. The Report and Recommendation states: "In the

present case, the Court finds the reasoning of <u>Madison</u> and <u>Daker</u> to be persuasive." (Paper 77 at 12-13).  Judge Niedermeier relied on <u>Madison</u> in evaluating the claims against defendants in their official capacities and on <u>Daker</u> only for the purposes of assessing those claims against defendants in their individual capacities.  In fact, <u>Smith v. Allen</u> supports the reasoning of <u>Daker</u>: "section 3 of RLUIPA-a provision that derives from Congress' Spending Power-cannot be construed as creating a private action against individual defendants for monetary damages." 502 F.3d at 1275.

Accordingly, the Report and Recommendation is AFFIRMED, APPROVED and ADOPTED as to Paper 57.  <u>See</u> 28 U.S.C. § 636(b)(1). Defendants' Motion for Summary Judgment (Paper 57) is GRANTED IN PART and DENIED IN PART.  Bock's claim for injunctive relief is DISMISSED as moot.  All of Bock's claims under 42 U.S.C. § 1983 against the defendants in their official capacities are DISMISSED.  All of Bock's claims against defendants Gold and Ryan are DISMISSED.  All of Bock's claims under RLUIPA are dismissed.

It appears the remaining § 1983 claims are against defendants Blair, Turner and Gladding in their individual capacities, including punitive damages.

The parties shall promptly select an ENE evaluator and arrange an ENE session to be conducted not later than April 1, 2008.  They shall inform the Court, in writing, on or before

February 22, 2008, of the name of the evaluator and the date of the ENE session.  This case shall be ready for trial on May 1, 2008.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 7th day of February, 2008.

                                       /s/ J. Garvan Murtha
                                       J. Garvan Murtha
                                       United States District Judge